**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

In re:  Delwin N Poindexter

                              **Chapter 13**

Debtor(s).                          **Case No. 19-60105**

**AMENDED CHAPTER 13 PLAN COVER SHEET AND NOTICE OF HEARING**

The attached plan is an amended plan that replaces the ☐confirmed or ☒ unconfirmed plan dated **March 7, 2019.**

The Court shall hold a hearing on confirmation of the attached plan and any timely filed objections on **Thursday, May 30, 2019, at 9:30 am, at U.S. Courthouse, Room 210, 1101 Court St., Lynchburg, VA 24504.**

The following describes the section(s) of the plan being amended, the change in treatment, the affected creditor(s), and the impact of the change:

| **Section of Plan** | **Change in Treatment** | **Creditor** | **Impact of Change** |
| --- | --- | --- | --- |
| 2.1 | The debtor(s) propose to pay the trustee the sum of $3,500.00 Monthly for 12 months, then $4,150.00 Monthly for 48 months | | None |
| 2.4 | To add pre-confirmation funds and lumpsum payments | | None |
| 2.5 | The estimated payments to the trustee is $298,230.76 | | None |
| 3.1 | To provide for the chapter 13 Trustee to pay pre-petition, gap and post-petition mortgage arrears | Vera M Burge | None |
| 3.2 | To provide Till rate of 5.5% to the secured creditor | OneMain Financial Group, LLC | None |
| 3.3 | To provide Till rate of 5.5% to the secured creditors | Amherst County Treasurer, & Capital One Auto Finance | None |
| 4.2 | To change the amount of Trustee fees due to the increase of the base gross | chapter 13 Trustee | None |
| 8.1 | To provide language for mortgage payments being paid by the chapter 13 Trustee | Vera M Burge | None |

                                            /s/ Stephen E. Dunn
                                            /s/ Michelle J. Dunn
                                            Counsel for Debtor(s)

4/26/19 1:14PM

Fill in this information to identify your case:

| Debtor 1 | **Delwin N Poindexter** |
|---|---|
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF VIRGINIA** |
| Case number: | **19-60105** |
| (If known) | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
2.1, 2.4, 2.5, 3.1, 3.2, 3.3, 4.2 & 8.1

Official Form 113
# Chapter 13 Plan    12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$3500** per **Month** for **12** months
**$4150** per **Month** for **48** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☑ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Delwin N Poindexter** | Case number | **19-60105** |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

☑ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
**Pre-confirmation funds as of April 24, 2019 in the amount of $2,030.76 plus $13,000.00 lumpsum payment due by May 2019 from tax refund, plus $10,000.00 lumpsum payment due by May 2020, plus $10,000.00 lumpsum payment due by May 2021, plus $10,000.00 lumpsum payment due by May 2022, plus $12,000.00 lumpsum payment due by May 2023**

2.5   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>**298,230.76**</u>.

**Part 3:   Treatment of Secured Claims**

**3.1   Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **W.S. Badcock Corporation** | **Bedroom suit** | **$64.00** <br> Disbursed by: <br> ☐ Trustee <br> ☑ Debtor(s) | Prepetition: **$128.87** | **0.00%** | **pro-rata** | **$128.87** |

| Debtor | **Delwin N Poindexter** | | | | Case number | **19-60105** | | |

| Name of creditor | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Vera M Burge** | **252 Hans Hill Dr Madison Heights, VA 24572 Amherst County CTA $481,500.00** | **$2,100.00 per month beginning June 2019** | $93,756.28-85,356.28 for pre-petition arrears; $2,100.00 for gap payment for the month of May 2019; $6,300.00 post-petition arrears for the months of February March and April 2019 | **0.00%** | | **pro-rata** | **$219,756.28** | |
| | | Disbursed by: ☑ Trustee ☐ Debtor(s) | | | | | | |

*Insert additional claims as needed.*

**3.2    Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|

| Debtor | **Delwin N Poindexter** | | | | | | Case number | **19-60105** | |

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **OneMain Financial Group, LLC** | **$8,648.42** | **2007 GMC Yukon 230000 miles** | **$6,430.00** | **$0.00** | **$6,430.00** | **5.50%** | **AP payment of $64.30 for 9 months and then the regular payment of $139.87 for 50 months to be paid by the chapter 13 Trustee** | **$7,572.20** |

*Insert additional claims as needed.*

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Amherst County Treasurer** | **252 Hans Hill Dr Madison Heights, VA 24572  Amherst County CTA $481,500.00** | **$10,071.62** | **5.50%** | **payments of $225.85 for 50 months to begin 9 months after confirmation date**<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | **$11,292.50** |
| **Amherst County Treasurer** | **2011 Toyota Tundra 130000 miles** | **$1,575.72** | **5.50%** | **payments of $35.34 for 50 months to begin 9 months after confirmation date**<br>Disbursed by:<br>☑ Trustee | **$1,767.00** |

Official Form 113                                **Chapter 13 Plan**                                Page 4

Debtor   **Delwin N Poindexter**                           Case number   **19-60105**

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Capital One Auto Finance** | **2011 Toyota Tundra 130000 miles** | **$22,590.19** | **5.50%** | ☐ Debtor(s) **AP payment of $175.14 for 9 months and then the regular payments of $484.53 for 50 months** Disbursed by: ☑ Trustee ☐ Debtor(s) | **$25,802.76** |

*Insert additional claims as needed.*

**3.4   Lien avoidance**.

*Check one.*
    ☑   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5   Surrender of collateral.**

*Check one.*
    ☑   **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1   General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2   Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **8.00**% of plan payments; and during the plan term, they are estimated to total $**23,858.46**.

**4.3   Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,056.85**.

**4.4   Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
    ☐   **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
    ☑   The debtor(s) estimate the total amount of other priority claims to be **$1.00**

**4.5   Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
    ☑   **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**5.1   Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
    ☐   The sum of $         .
    ☑   **100.00** % of the total amount of these claims, an estimated payment of $  **5,336.29**  .

| Debtor | **Delwin N Poindexter** | Case number | **19-60105** |
|---|---|---|---|

☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $__**See below in Part 8.1**__. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon**
*Check the applicable box:*
☑ plan confirmation.
☐ entry of discharge.
☐ other: _____

### Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
**(a). Additional Adequate Protection:**
**Adequate Protection also consists of the following in this case:**

**Unless otherwise provided herein, the monthly payment amounts listed in Parts 3.2 and 3.3 of the this Chapter 13 Plan will be paid as adequate protection beginning prior to confirmation to the holders of allowed secured claims.**

**Insurance will be maintained on all vehicles securing claims to be paid by the Trustee.**

**(b). Attorneys Fees**

**Attorneys Fees noted in Part 4.3 shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Part 3, 4, 5 and 6 herein, except adequate protection payments, ongoing mortgage payments or regular payments to be paid by the Trustee**

**(c). Date Debtors to resume regular direct payments to Creditors that are being paid arrearages by the trustee under Part 3.1).**

| **Creditor** | **Month Debtor to resume regular direct payments** |
|---|---|
| _____ | _____ |

4/26/19  1:14PM

| Debtor | **Delwin N Poindexter** | Case number | **19-60105** |
|---|---|---|---|

########ATTENTION ALL SECURED CREDITORS LISTED IN PART 3.1  ######:
PLEASE TAKE NOTICE THAT THE DEBTOR INTENDS TO CONTINUE TO MAKE REGULAR PAYMENTS ON YOUR SECURED DEBT.  ACCORDINGLY, YOU, THE SECURED CREDITOR REFERENCED ABOVE IN PART 3.1 , SHALL SEND MONTHLY MORTGAGE/AUTOMOBILE STATEMENTS CONSISTENT WITH YOUR PREPETITION PRACTICE.  SENDING SUCH STATEMENTS SHALL NOT BE CONSIDERED BY THE DEBTORS TO BE A VIOLATION OF THE AUTOMATIC STAY.

************* ATTENTION, CREDITORS LISTED IN PART 3.5.***************
THE PROPERTY SECURED BY YOUR LOAN IS BEING SURRENDERED. A DEFICIENCY CLAIM MUST BE FILED WITHIN 180 DAYS OF CONFIRMATION OR THE ENTRY OF AN ORDER LIFTING THE STAY, WHICHEVER OCCURS FIRST. IF A DEFICIENCY CLAIM HAS NOT BEEN FILED WITHIN THIS TIME PERIOD, YOUR DEFICIENCY CLAIM WILL BE DISALLOWED. IF YOU FILE A DEFICIENCY CLAIM, YOU MUST ALSO PROVIDE PROOF THAT THE PROPERTY SURRENDERED WAS LIQUIDATED IN ACCORDANCE WITH STATE LAW.

************* ATTENTION PART 5.1********************
Paragraph 5.1 chapter 7 test for joint unsecured non-priority claims is $169,488.00
Chapter 7 test for individual unsecured non-priority claims is $5,475.00

Pursuant to Part 3.1, the Trustee shall pay (creditor) Vera M Burge c/o Thomas S Leebrick, Esq. the designated post-petition mortgage payments through the plan. These mortgage payments shall be classified and paid as follows:

**Pre-petition Arrears:** The prepetition arrears are $85,356.28

**GAP Payments:** The first  post-petition mortgage payment shall be disbursed pro-rata by the Trustee as post-petition arrears, including late fees, in the approximate amount of $2,100.00, for the month of May 2019.

**Other Post-petition Arrears:** The following additional post-petition default shall be cured and disbursed by the Trustee, approximately $6,300.00 for the months of February,  March and April 2019.

**Ongoing Payments:** The regular post-petition mortgage payments shall be disbursed by the Trustee beginning with the mortgage payment due for the month of June 2019, and continuing for approximately 59 months; the total number of such payments to be made by the Trustee will usually equal the number of monthly plan payments being made by the Debtor(s) to the Trustee, unless the plan pays off early.

Disbursement of ongoing post-petition mortgage payments from the Chapter 13 Trustee may not begin until an allowed claim on behalf of the mortgagee has been filed. At the completion of the term of the plan, it is predicted that the Debtor(s) shall resume monthly mortgage payments directly pursuant to the terms of the mortgage contract beginning with the payment due in May, 2024.

**Treatment and Payment of Claims.**
• All creditors must timely file a proof of claim to receive payment from the Trustee.
• If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
• If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
• The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

***ATTN:STUDENT LOAN PROVIDERS/SERVICERS. Attn: Fed Loan Servicing, ECMC, Navient, Department of Education and any other parties holding Government guaranteed student loans:
The Debtor is not seeking nor does this Plan provide for any discharge, in whole or in part of her student loan obligations. The Debtor shall be allowed to seek enrollment, or to maintain any pre-petition enrollment, in any applicable income-driven repayment ("IDR") plan with the U.S. Department of Education and/or other student loan servicers, guarantors, etc. (Collectively referred to hereafter as "Ed"), including but not limited to the Public Service Loan Forgiveness program, without disqualification due to her bankruptcy. Any direct payments made from the Debtor to Ed since the filing of her petition shall be applied to any IDR plan in which the Debtor was enrolled pre-petition, including but not limited to the Public Service Loan Forgiveness program. Ed shall not be required to allow enrollment in any IDR unless the Debtor otherwise qualifies for such plan.   During the pendency of any application by the Debtor to consolidate her student loans, to enroll in an IDR, direct payment of her student loans under an IDR, or during the pendency of any default in payment of the student loans under an IDR, it shall not be a violation of the stay or other State or Federal Laws for Ed to send the Debtor normal

| Debtor | **Delwin N Poindexter** | Case number | **19-60105** |
|---|---|---|---|

**monthly statements regarding payments due and other communications including, without limitation, notices of late payments or delinquency. These communications may expressly include telephone calls and e-mails.**

| Part 9: | **Signature(s):** |
|---|---|

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X    **/s/ Delwin N Poindexter**                                              X
    **Delwin N Poindexter**                                                     Signature of Debtor 2
    Signature of Debtor 1

Executed on    **April 26, 2019**                                              Executed on

X    **/s/ Stephen E. Dunn**                                                   Date    **April 26, 2019**
    **Stephen E. Dunn 26355**
    Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

4/26/19 1:14PM

| Debtor | **Delwin N Poindexter** | Case number | **19-60105** |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$219,885.15** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$6,993.24** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$37,285.63** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$27,916.31** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$5,336.29** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*   + | **$0.00** |
| | **Total of lines a through j** | **$297,416.62** |

RESURGENT CAPITAL SERVICES
PO BOX 10587
FOR LABCORP
GREENVILLE, SC 29603

ONEMAIN FINANCIAL
6801 COLWELL BLVD.
IRVING, TX 75039

AMHERST COUNTY TREASURER
JOANNE CARDEN, TREASURER
PO BOX 449
AMHERST, VA 24521

ONEMAIN FINANCIAL GROUP, LLC
REG AGENT: CT CORPORATION SYSTEM
4701 COX RD STE 285
GLEN ALLEN, VA 23060

CAPITAL ONE
ATTN: BANKRUPTCY
PO BOX 30285
SALT LAKE CITY, UT 84130

ORTHOPEDIC CENTER OF CENTRAL VA
C/O GARY COATES, ESQ.
1045 COTTONTOWN RD.
LYNCHBURG, VA 24503

CAPITAL ONE AUTO FINANCE
ATTN: BANKRUPTCY
PO BOX 30285
SALT LAKE CITY, UT 84130

REGIONAL MGMT CORP
979 BATESVILLE RD
SUITE B
GREER, SC 29651

CENTRAL VIRGINIA CREDIT UNION
PO BOX 1660
LYNCHBURG, VA 24505

VA DEPARTMENT OF TAXATION
BANKRUPTCY UNIT
PO BOX 2156
RICHMOND, VA 23218

DIVERSIFIED CONSULTANTS, INC.
ATTN: BANKRUPTCY
PO BOX 551268 FOR DISH NETWORK
JACKSONVILLE, FL 32255

VERA M BURGE
C/O THOMAS S LEEBRICK, ESQ.
PO BOX 584
LYNCHBURG, VA 24505

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346

W.S. BADCOCK CORPORATION
REG AGT: CT CORPORATION SYSTEM
4701 COX RD, SUITE 285
GLEN ALLEN, VA 23060

LOAN MAX TITLE LOANS
4842 SOUTH AMHERST HIGHWAY
ATTN: BANKRUPTCY
MADISON HEIGHTS, VA 24572

NATIONWIDE RECOVERY
501 SHELLEY DR  STE 300 ATTN: BR
FOR LINCARE
TYLER, TX 75701

NETCREDIT
175 W. JACKSON BLVD., SUITE 1000
CHICAGO, IL 60604

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

**In re: Delwin N Poindexter**

                **Chapter 13**

                **Case No. 19-60105**

**Debtor(s).**

### CERTIFICATION OF MAILING AND/OR SERVICE OF CHAPTER 13 PLAN

I certify that a true and correct copy of the chapter 13 plan or the amended chapter 13 plan and amended plan cover sheet, filed electronically with the Court on **April 26, 2019**, has been mailed by first class mail postage prepaid to all creditors, equity security holders, and other parties in interest, including the United States Trustee, on **April 26, 2019**.

If the plan contains (i) a request under section 522(f) to avoid a lien or other transfer of property exempt under the Code or (ii) a request to determine the amount of a secured claim, the plan must be served on the affected creditors in the manner provided by Rule 7004 for service of a summons and complaint. I certify that a true and correct copy of the chapter 13 plan has been served on the following parties pursuant to Rule 7004:

| **Name** | **Address** | **Method of Service** |
|---|---|---|
| OneMain Financial Group, LLC | OneMain Financial Group, LLC<br>Reg Agent: CT Corporation System<br>4701 Cox Rd Ste 285<br>Glen Allen VA 23060 | Certified Mail |

                /s/ Stephen E. Dunn
                /s/ Michelle J. Dunn
                Counsel for Debtor(s)